# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DOUGLAS ROBINSON,<br>Board of Trustees Chairman, on behalf<br>of INDIANA REGIONAL COUNCIL OF<br>CARPENTERS PENSION TRUST FUND and<br>INDIANA REGIONAL COUNCIL OF<br>CARPENTERS DEFINED CONTRIBUTION<br>PLAN, *et al.*,<br><br>      Plaintiffs,<br><br>      v.<br><br>VISION DRYWALL, LLC, *et al.*,<br><br>      Defendants. | CAUSE NO. 2:07-CV-190-TS |

## OPINION AND ORDER

This matter is before the Court on the Plaintiffs' Verified Motion to Enter an Order and Default Judgment Against Defendant Vision Drywall, LLC, Only [DE 40], filed on October 27, 2009.

On March 23, 2009, the Defendants filed an Answer [DE 34] to the Plaintiff's Second Amended Complaint [DE 31]. On June 4, the Court by Order [DE 36] granted defense counsels' Verified Motion to Withdraw Appearance [DE 35]. On July 20, the Plaintiffs filed a Motion for Clerk to Enter Default of Defendants Vision Drywall, LLC, Vision Development Commercial, Inc. and Vision Development and Real Estate LLC, Only [DE 38]. On October 26, the Court conducted a Status Conference, at which the Plaintiffs appeared by counsel, and Defendants Robert Sanchez and J. Michelle Sanchez appeared in person and without counsel. Although the record is not entirely clear, these two individual Defendants appear to be related to the corporate Defendants in this case. At the Status Conference, Defendants Robert and J. Michelle Sanchez represented to the Court that they have no funds to hire counsel, that Vision Drywall has no assets, that they will be

filing for bankruptcy as soon as they have funds, and that the Court can issue judgment in this matter against Defendant Vision Drywall, LLC. On October 27, the Plaintiffs filed a Verified Motion to Enter an Order and Default Judgment Against Defendant Vision Drywall, LLC, Only. The Defendants did not respond to or otherwise oppose the Plaintiffs' Motion for Clerk to Enter Default, and on November 13, the Court issued an Order [DE 42] granting the Plaintiffs' Motion for Clerk to Enter Default. On November 17, the Clerk of this Court entered a Default [DE 43] against Defendant Vision Drywall, LLC, for failing to plead or otherwise defend in this litigation.

Once the default of a party has been established (based upon the party against whom a judgment for affirmative relief is sought having failed to plead or otherwise defend), Federal Rule of Civil Procedure 55 authorizes a party to seek and a court to enter a default judgment. As long as a plaintiff's allegations are well-pled, a default judgment, as a general rule, "'establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint.'" *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (quoting *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982)). The party moving for a default judgment must then establish entitlement to the relief sought. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Under Rule 54(c), a party obtaining a default judgment in its favor is not entitled to a judgment that differs in kind from or an award that exceeds the amount demanded in the pleadings. Even when default judgment is warranted, allegations in the complaint regarding the amount of damages are not taken to be true. *In re Catt*, 368 F.3d at 793; *Dundee Cement Co.*, 722 F.2d at 1323. Instead, courts must ascertain with reasonable certainty the proper amount to award as damages to the prevailing party, based upon either an evidentiary hearing or from definite figures contained in documentary evidence or in detailed affidavits. *In re Catt*, 368 F.3d at 793; *Dundee Cement Co.*, 722 F.2d at 1323.

In this action, the Plaintiffs have sought to collect delinquent contributions and deductions pursuant to 29 U.S.C. § 1132, and they have alleged that the Defendants owe contributions and deductions for the period of June 30, 2006, through December 31, 2007. In their Motion seeking default judgment against Defendant Vision Drywall, LLC, the Plaintiffs request delinquent contributions and deductions in the following amounts: (1) $362,132.22 in delinquent contributions, late payment assessments, debit memos, audit fees, and liquidated damages for the period of June 30, 2006, through December 31, 2007; (2) $25,157.32 in delinquent deductions/contributions, interest, and liquidated damages for the Northwest Region for the period of June 30, 2006, through December 31, 2007; and (3) $32,895.55 in delinquent deductions/contributions, interest, and liquidated damages for Northeast Region for the period of June 30, 2006, through December 31, 2007. In support of their request for delinquent contributions and deductions, the Plaintiffs have submitted the Affidavit of Carolyn Fredrick [DE 40-2], the Affidavit of Dan Brown [DE 40-3], the Affidavit of Mike Lauer [DE 40-4], and detailed spreadsheets. The Plaintiffs also request $25,937.50 in attorney fees and $927.52 in costs. In support of their request for attorney fees and costs, the Plaintiffs have submitted the Affidavit of Paul T. Berkowitz [DE 40-5] and detailed time sheets that reflect the time billed and the billing rates. The Certificate of Service attached to the Plaintiffs' Motion indicates that the Motion was mailed by United States Postal Service to Vision Drywall, LLC, c/o Robert Sanchez at the Schererville, Indiana address that is identified on the Court's record. None of the Defendants has responded to or otherwise opposed the Plaintiffs' Verified Motion to Enter an Order and Default Judgment Against Defendant Vision Drywall, LLC, Only .

The default of Defendant Vision Drywall, LLC, has already been established, and, as a matter of law, Defendant Vision Drywall, LLC, is liable to the Plaintiffs on each cause of action

3

alleged against that Defendant in the Second Amended Complaint. Additionally, the relief sought by the Plaintiffs in their Motion for default judgment does not differ in kind from the relief sought in the Second Amended Complaint. Furthermore, the award sought does not exceed the amount demanded in the Second Amended Complaint. And, considering the affidavits and documentary materials before the Court, the Court finds that no hearing is necessary to determine the amount of damages.

Therefore, the Court, being duly advised, GRANTS the Plaintiffs' the Plaintiffs' Verified Motion to Enter an Order and Default Judgment Against Defendant Vision Drywall, LLC, Only [DE 40]. The Court ORDERS the Clerk of this Court to enter default judgment in the Plaintiffs's favor and against Defendant Vision Drywall, LLC, in the amount of $420,185.09, together with attorney fees and costs in the amounts of $25,937.50 and $927.52, respectively.

SO ORDERED on November 24, 2009.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION