UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DOUGLAS ROBINSON, ) | |
| Board of Trustees Chairman, on behalf ) | |
| of INDIANA REGIONAL COUNCIL OF ) | |
| CARPENTERS PENSION TRUST FUND and ) | |
| INDIANA REGIONAL COUNCIL OF ) | |
| CARPENTERS DEFINED CONTRIBUTION ) | |
| PLAN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | CAUSE NO. 2:07-CV-190-TS |
| ) | |
| v. ) | |
| ) | |
| VISION DRYWALL, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on a Rule 55(c) Motion to Set Aside Entry of Default [DE 51], filed by Defendant Vision Development and Real Estate, LLC, on February 26, 2010.

**BACKGROUND**

On June 11, 2007, the Plaintiffs, Douglas Robinson and David Tharp, in their capacities as union trustees, filed their original Complaint [DE 1], seeking collection of delinquent contributions, payroll deductions, interest, liquidated damages, and attorney's fees and costs from Defendant Vision Drywall, LLC, and its lone shareholder, Defendant Robert Sanchez. On March 31, 2009, the Plaintiffs filed a Second Amended Complaint [DE 31] that added as Defendants the spouse of Robert Sanchez, J. Michelle Sanchez, and two companies she owns, Vision Development and Real Estate, LLC, and Vision Development Commercial, Inc. The Plaintiffs have alleged that Defendant J. Michelle Sanchez and her two companies are alter egos, successors, disguised continuances, or single employers with respect to Vision Drywall, LLC. On March 23,

the Defendants filed an Answer [DE 34].

On May 19, counsel for the Defendants filed a Verified Motion to Withdraw Appearance [DE 35], attached to which is a letter from prior defense counsel to Mr. and Mrs. Sanchez indicating that they had not made payments on their account with their attorney for more than one year and that he would seek leave to withdraw if they did not pay the account in full by May 15, 2009. The Court granted that Motion on June 4, and defense counsel's appearance was withdrawn. On July 20, the Plaintiffs filed a Motion for Clerk to Enter Default [DE 38] against Defendant Vision Drywall, LLC, and J. Michelle Sanchez's companies based on their failure to appear by counsel. On October 26, the Court conducted a status conference, at which Defendants Robert Sanchez and J. Michelle Sanchez appeared in person and without counsel. The corporate Defendants were not represented by counsel at the status conference. Defendants Robert and J. Michelle Sanchez represented to the Court that they had no funds to hire counsel, that Vision Drywall had no assets, that they would be filing for bankruptcy as soon as they had funds, and that the Court could issue judgment in this matter against Defendant Vision Drywall, LLC. On October 27, the Plaintiffs filed a Verified Motion to Enter an Order and Default Judgment Against Defendant Vision Drywall, LLC, Only [DE 40]. The Defendants did not respond to or otherwise oppose the Plaintiffs' Motion for Clerk to Enter Default, and on November 13, the Court issued an Order [DE 42] granting the Plaintiffs' Motion for entry of default. On November 17, the Clerk of this Court entered a Default [DE 43] against Defendants Vision Drywall, LLC, Vision Development Commercial, Inc., and Vision Development and Real Estate, LLC, for failing to plead or otherwise defend in this litigation. On November 24, the Court granted the Plaintiffs' Verified Motion to Enter an Order and Default Judgment Against Defendant Vision Drywall, LLC,

Only and ordered the entry of default judgment in the Plaintiffs' favor and against Defendant Vision Drywall, LLC, in the amount of $420,185.09, together with attorney fees and costs in the amounts of $25,937.50 and $927.52, respectively. On January 13, 2010, a Notice of One Individual Defendant's Chapter 13 Bankruptcy was filed in this case. It indicates that Defendant Robert Sanchez filed a Chapter 13 Bankruptcy.

Defendants J. Michelle Sanchez and Vision Development and Real Estate, LLC, were without representation in this matter from June 4, 2009, to January 27, 2010, when their new counsel filed an appearance. On January 28, the Court conducted a status conference in which counsel for Defendants J. Michelle Sanchez and Vision Development and Real Estate, LLC, participated, and counsel indicated that she intended to file a motion to set aside the entry of default. On February 26, Defendant Vision Development and Real Estate, LLC, filed a Motion to Set Aside Entry of Default.[1] In her Affidavit, which is attached to the Motion, Defendant J. Michelle Sanchez states: "At all times relevant to the Motion for Default, I was unable to hire counsel due to inability to pay"; "I am not, nor have I ever been, a member, partner, shareholder, officer, or person with any ownership interest in Vision Drywall, LLC"; and "Vision Development and Real Estate, LLC is an entirely independent entity from, and completely separate from, Vision Drywall, LLC." (Sanchez Aff., DE 51 at 5.) On March 19, the Plaintiffs filed a Response in Opposition [DE 52].

---

[1] Defendant Vision Development Commercial, Inc., remains unrepresented by counsel and has not joined in the Rule 55(c) Motion to Set Aside Entry of Default filed by Defendant Vision Development and Real Estate, LLC. The Court also notes that no default was entered against Defendant J. Michelle Sanchez.

**DISCUSSION**

Federal Rule of Civil Procedure 55(c) states: "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." A party seeking to vacate an entry of default before final judgment has been entered must make the following showing: (1) good cause; (2) quick action to correct it; and (3) a meritorious defense to the complaint. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630–31 (7th Cir. 2009) (quotation marks and citations omitted). Additionally, there is a policy in the Seventh Circuit "favoring trial on the merits over default judgment." *Id.* at 631; *see also Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007).

As to the first factor, the Plaintiffs contend that Defendant Vision Development and Real Estate, LLC, has failed to show good cause to set aside the entry of default because the inability to afford counsel is an insufficient justification. The Plaintiffs also argue that this Defendant's current ability to afford counsel and its previous ability before June 2009 suggest that it had the ability to afford counsel in the interim period. As to the second factor, the Plaintiffs argue that the question whether the Defendant took quick action should be assessed from the date when the Clerk's default was entered. Thus, the Plaintiffs contend that it took almost three months for the Defendant to have an attorney appear and that another four weeks passed between the filing of the appearance of counsel on January 27, 2010, to the filing of the Rule 55(c) Motion to Set Aside Entry of Default on February 26.

"Rule 55(c) requires 'good cause' for the judicial action, not 'good cause' for the defendant's error; as used in this Rule, the phrase is not a synonym for 'excusable neglect.'" *Sims v. EGA Prods., Inc.*, 475 F.3d 865, 868 (7th Cir. 2007) (citing *Redfield v. Continental Cas. Corp.*,

818 F.2d 596, 601 (7th Cir. 1987)). Furthermore, the "good cause" standard in Rule 55(c) is "easier to satisfy" than mistake, inadvertence, and excusable neglect standard in Rule 60(b). *Id.*

The Court finds that there is good cause to set aside the default entry and that the Defendant has taken quick action to correct the default. This lawsuit had been pending for nearly two years against only Defendants Vision Drywall, LLC, and Robert Sanchez when the Plaintiffs filed their Second Amended Complaint bringing Defendant Vision Development and Real Estate, LLC, into the case. Defendant Vision Development and Real Estate, LLC, then filed an Answer to the Plaintiffs' Second Amended Complaint. Approximately two months after the Defendants answered the Second Amended Complaint, defense counsel withdrew because the Defendants had failed to pay in full their account with their counsel. At the next status conference, Defendants Robert and J. Michelle Sanchez represented to the Court that they had no funds to hire counsel. Consequently, Defendant Vision Development and Real Estate, LLC, was without representation, but a limited liability company, unlike an individual, may not proceed pro se in federal litigation. *See United States v. Hagerman,* 545 F.3d 579, 581–82 (7th Cir. 2008) ("A corporation is not permitted to litigate in a federal court unless it is represented by a lawyer licensed to practice in that court. . . . [T]he right to conduct business in a form that confers privileges, such as the limited personal liability of the owners for tort or contract claims against the business, carries with it obligations one of which is to hire a lawyer if you want to sue or defend on behalf of the entity. Pro se litigation is a burden on the judiciary, and the burden is not to be borne when the litigant has chosen to do business in entity form. He must take the burdens with the benefits. From that standpoint there is no difference between a corporation and a limited liability company.") (internal citations omitted). Soon thereafter, the default was entered against the three corporate Defendants. The Plaintiffs then

renewed their effort to obtain additional discovery from Defendants Vision Drywall, Robert Sanchez, and J. Michelle Sanchez, and the Court granted the Plaintiffs' request, permitting the Plaintiffs to conduct an asset examination on November 23, 2009. At the November 23 status conference, the Court set another status conference for January 28, 2010. Then, on November 24, 2009, the Court ordered the entry of default judgment against Defendant Vision Drywall, LLC. Prior to the next scheduled status conference, counsel for Defendants J. Michelle Sanchez and Vision Development and Real Estate, LLC, filed an appearance, and at that conference, she advised that she would seek to set aside the entry of default. The Court then set a deadline for the Defendant to file a motion to set aside, and the Defendant filed the pending Motion before the Court's deadline passed. From the date when the default was entered (November 17, 2009) to the date when counsel indicated she would file the Motion (January 28, 2010), slightly less than two and a half months passed.[2]

As to the third factor, the Plaintiffs argue that the Defendant's Motion rests on mere conclusions, assertions, and denials and that there is neither a valid legal defense nor a factual basis for the defense. Under the applicable standard, a defendant must show a meritorious defense to the complaint, notify the plaintiff and the court of the nature of the defense, and provide the factual basis for that defense. *Cracco*, 559 F.3d at 631.

In its Answer to the Plaintiffs' Second Amended Complaint, Defendant Vision Development and Real Estate, LLC, denied the allegations in Counts IX and X that it is the alter ego, successor, disguised continuance, or single employer with respect to Vision Drywall, LLC. In her Affidavit, Defendant J. Michelle Sanchez, as the sole member of Defendant Vision

---

[2] This period includes the winter holiday season when many attorneys and judges take leave from their work.

Development and Real Estate, LLC, states that she has never been a member, partner, shareholder, officer, or person with any ownership interest in Vision Drywall, LLC, and that Defendant Vision Development and Real Estate, LLC, is entirely independent and separate from Vision Drywall, LLC. These factual statements are consistent with the denials alleged in the Answer and put forward a defense that warrants consideration on its merits rather than resolution by default. Consequently, the Court finds that the Defendant has shown a meritorious defense that has a factual basis and that the Plaintiffs and the Court have been adequately notified of the nature of the defense.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Rule 55(c) Motion to Set Aside Entry of Default [DE 51] filed by Defendant Vision Development and Real Estate, LLC, and ORDERS that the default entered against Defendant Vision Development and Real Estate, LLC, be SET ASIDE.

SO ORDERED on June 29, 2010.

 s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT  
FORT WAYNE DIVISION